Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Vikki Lee Vega,<br><br>        Plaintiff,<br>  v.<br><br>Parkview Julian, LLC and Bakersfield SNF, LLC,<br><br>        Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**Jury Trial Demanded** |

Plaintiff Vikki Lee Vega ("Plaintiff") alleges the following:

## INTRODUCTION

Plaintiff brings this action against Defendants Parkview Julian, LLC and Bakersfield SNF, LLC ("Defendants") for unlawfully and intentionally discriminating against Plaintiff because of Plaintiff's disability and service animal and denying Plaintiff full and equal access to the Parkview Julian Healthcare Center located at 1801 Julian Avenue in Bakersfield, California ("Parkview Julian").

## PARTIES

1. Plaintiff is a natural person. Plaintiff is and has been considered disabled.

2. Defendant Parkview Julian, LLC is a California limited liability company with its principal address in Bakersfield, California. At all times relevant to this complaint, Defendant Parkview Julian, LLC owned, managed, operated, and/or was otherwise responsible for Parkview Julian.

3. Defendant Bakersfield SNF, LLC is a California limited liability company with its

principal address in Long Beach, California. At all times relevant to this complaint, Defendant Bakersfield SNF, LLC owned, managed, operated, and/or was otherwise responsible for Parkview Julian.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, et seq.

5. Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California state law.

6. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the Parkview Julian is located in this district and Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

7. Plaintiff 65 years old and is disabled. Plaintiff suffers from, among other things, multiple sclerosis.

8. Plaintiff's disabilities affect Plaintiff's daily life in many ways, but most relevant for this matter, Plaintiff has significant mobility issues that require Plaintiff to utilize a walker and occasionally a wheelchair.

9. Plaintiff utilizes a trained service animal to help her with her disabilities.

10. Plaintiff's service animal is specifically trained to, among other things, help open automatic doors for Plaintiff. Plaintiff's service animal is also specifically trained to pick up items that Plaintiff drops on the floor, which is unfortunately a common problem that Plaintiff encounters in her daily life. These tasks greatly improve Plaintiff's daily life.

11. Plaintiff was admitted to the Bakersfield Heart Hospital on January 28, 2023 and discharged on February 1, 2023.

12. The Bakersfield Heart Hospital discharged Plaintiff to the Parkview Julian Healthcare Center located at 1801 Julian Avenue in Bakersfield, California. Bakersfield Heart Hospital arranged for transportation to take Plaintiff to Parkview Julian upon her discharge.

13. Specifically, the Bakersfield Heart Hospital arranged for an ambulance to take Plaintiff to Parkview Julian knowing that Plaintiff would require additional healthcare services that Parkview Julian could provide after her discharge from the hospital.

14. Initially, Plaintiff was very thankful to be out of the hospital and on the way to recovery from her hospital stay.

15. Upon arriving at Parkview Julian, Plaintiff informed the staff there that she would need to bring her service animal with her once admitted to Parkview Julian.

16. Shockingly, Defendant's employees strictly forbade Plaintiff from bring her service animal to their facility.

17. Even though Plaintiff desperately needed physical therapy, a service that Defendants provide at Parkview Julian, Plaintiff had no choice but to leave the facility because of the blatant discrimination dished out by Defendants' employees.

18. A disabled person's service dog is not merely a companion, but an integral part of their daily life and functioning. To many, it's like an extension of their very person. This bond goes beyond the emotional connection that many have with pets; it's a lifeline to normalcy, empowerment, and self-reliance. Depriving a person of their service dog is akin to removing a crucial tool they rely on for day-to-day activities. For example, when a trained service dog is tasked with picking things up for a person in a wheelchair, they could act as both a physical aid and a confidence booster, allowing the individual to navigate spaces with a sense of autonomy. Refusing a person's right to their service dog not only undermines the person's ability to interact with the world around them but also infringes on their dignity and rights.

19. Plaintiff lives in the area and Parkview Julian provides the types of services that Plaintiff needs to recover from her medical conditions.

20. In fact, Plaintiff would like to return to Parkview Julian and utilize their services in the future once they cease their discriminatory conduct.

//

//

//

**FIRST CAUSE OF ACTION**

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

21. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

22. Title III of the ADA bans disability discrimination against an individual in places of public accommodation.

23. The Parkview Julian is a public accommodation.

24. The ADA prohibits, among other types of discrimination, failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.

25. Defendants have a policy that restricts and denies access to persons like Plaintiff.

26. Defendants' conduct knowingly and willfully excluded Plaintiff from equal access to the public accommodation.

27. As a result of Defendants' conduct, denying Plaintiff equal access to the Parkview Julian, Plaintiff faces continuing discrimination. Plaintiff continues to suffer denial of access and faces the prospect of unpleasant and discriminatory treatment should Plaintiff attempt to return to the Parkview Julian.

28. It is readily achievable for Defendants to provide Plaintiff and other disabled people like Plaintiff full and equal access to the Parkview Julian.

29. Defendants do not have any legitimate business justification to excuse the denial of Plaintiff's equal access.

30. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a disabled person for purposes of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing Plaintiff will be subjected to such discrimination each time that

1  Plaintiff may use the property and premises, visit, or attempt to patronize the Parkview Julian, in light
2  of Defendants' conduct.

3  31. Defendants' acts have proximately caused and will continue to cause irreparable injury
4  to Plaintiff if not enjoined by this Court.

5  32. Plaintiff seeks injunctive relief as to Defendants' inaccessible policies. Plaintiff seeks
6  preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that
7  deny full and equal access for disabled persons. Further, Plaintiff seeks an award of reasonable statutory
8  attorney fees, litigation expenses, and costs.

## SECOND CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

33. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

34. Defendants intentionally discriminated against Plaintiff, denying Plaintiff full and equal access to the Parkview Julian.

35. Parkview Julian is a business establishment.

36. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

37. Defendants violated the ADA.

38. Defendants acts and omissions as specified with regard to the discriminatory treatment of Plaintiff, on the basis of Plaintiff's disabilities, have been in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied Plaintiff's right to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

39. Plaintiff was harmed.

40. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

41. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including

a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

42. Plaintiff also seeks to enjoin Defendants from violating disabled persons' rights.

**PRAYER**

Plaintiff hereby prays for the following:

1. Injunctive relief enjoining Defendants from engaging in unlawful discrimination against disabled persons with service animals when visiting the Parkview Julian, including, specifically, enjoining its policy of denying access to persons with service animals access to the Parkview Julian without performing a good faith assessment of the reasonableness of modifying it policies to accommodate such disabled person; in addition injunctive relief compelling Defendants to establish and follow, in good faith, a policy to conduct a good faith assessment when evaluating a visitor with a service animal and/or other such injunctive relief as the deems appropriate;

2. Damages of no less than $25,000;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, Code of Civil Procedure section 1021.5, and/or other statute(s), expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: September 25, 2023                                  Law Office of Rick Morin, PC

_____
Richard Morin
Attorney for Plaintiff